1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

Patricia Hernandez; Juan Pablo Hernandez;     )
Emmanuel Tellez; and Imelda Renteria,         )
                                              )     Case No.: 2:12-cv-00575-GMN-NJK
            Plaintiffs,                        )
                                              )
      vs.                                      )     **ORDER**
                                              )
Hillsboro Enterprises, Inc.; Vincent Bartello; )
L.A. Foxes, LLC; and Frances Hogan,           )
                                              )
            Defendants.                        )
                                              )

Before the Court is the Motion for Preliminary Injunction and Motion for Order

Shortening Time (ECF Nos. 7, 8) filed by Plaintiff Patricia Hernandez.  Defendants Hillsboro

Enterprises, Inc. ("Hillsboro") and Vincent Bartello (collectively, "the Hillsboro Defendants")

filed an opposition (ECF No. 17), and Plaintiff Patricia Hernandez filed a Reply (ECF No. 20).

Also before the Court is the Motion to Dismiss (ECF No. 16) filed by the Hillsboro

Defendants, requesting dismissal of the First Amended Class Action Complaint (ECF No. 9)

filed by Plaintiffs Patricia Hernandez, Juan Pablo Hernandez, Emmanuel Tellez, and Imelda

Renteria ("Plaintiffs") on behalf of themselves and all other similarly situated.  Plaintiffs filed

an opposition (ECF No. 21), and the Hillsboro Defendants filed a Reply (ECF No. 22).

### I.      BACKGROUND

On April 9, 2012, Plaintiff Patricia Hernandez filed suit on behalf of a class of similarly

situated persons, against Defendant Vincent Bartello individually and Defendant Hillsboro

Enterprises, Inc., as the alter ego of Defendant Bartello, alleging violations of the Fair Labor

Standards Act ("FLSA") and Chapter 608 of the Nevada Revised Statutes ("NRS 608), as well

as unjust enrichment and conversion. (ECF No. 1.)  Eleven days later Plaintiff Patricia

1   Hernandez filed the instant Motion for Preliminary Injunction and Motion for Order Shortening

2   Time (ECF Nos. 7, 8).

3       Although Plaintiffs' counsel filed a "Proof of Service" for the Hillsboro Defendants

4   (ECF Nos. 4, 5) on April 17, 2012, the Hillsboro Defendants challenge Plaintiffs' claims of

5   service and deny receipt of the motion, alleging that they only became aware of the motion due

6   to its discovery on CM/ECF by their legal counsel on May 1, 2012. (Resp. to Mot. Prelim. Inj.,

7   2:12-15, ECF No. 17.)[1]  By that time, Plaintiffs had filed a superseding First Amended Class

8   Action Complaint (ECF No. 9) on April 24, 2012, alleging the same causes of action, but

9   adding additional Plaintiffs and Defendants.

10      In the Amended Complaint, Plaintiffs' causes of action are brought against entity

11   Defendants L.A. Foxes, LLC ("L.A. Foxes") and Hillsboro Enterprises, Inc. ("Hillsboro"), and

12   individual Defendants Frances Hogan and Vincent Bartello (collectively, "Defendants") for: (1)

13   Violation of the Fair Labor Standards Act; (2) Violation of Chapter 608 of the Nevada Revised

14   Statutes; (3) Unjust Enrichment, as against all Defendants; (4) Conversion, as against all

15   Defendants; and (5) Alter Ego, as to Defendants Bartello and Hogan. (ECF No. 9.)  Plaintiffs

16   request the relief of "unpaid overtime compensation, unpaid regular compensation, declaratory

17   relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. 216(b)

18   ('FLSA')." (Am. Compl., 4:¶24, ECF No. 9.)

19      In the Amended Complaint, Plaintiffs allege that the action is "intended to include each

20   and every paid employee who worked for Defendant at any time from 2010 through the filing

21   of this Complaint, within the State of Nevada." (Am. Compl., 4–5:¶27, ECF No. 9.)

22      Plaintiffs allege that the entity Defendants are an "enterprise" within the meaning of

23   § 203(r) and:

24       failed to comply with 29 U.S.C. 201–209 because Plaintiffs, and those similarly

25

[1] Plaintiffs do not address this issue in their Reply (ECF No. 20).

1

2

3

4

> situated employees, performed media distribution services for Defendant for which no provisions were made by Defendant to properly pay Plaintiffs and those similarly situated employees, for those hours in excess of eight (8) hours a day and forty (40) hours within a work week, and to ensure that Plaintiffs, and those similarly situated, were paid their complete wages.

(*Id*. at 5:¶29.)  Furthermore, Plaintiffs allege that:

5

6

7

8

> During their employment . . ., Plaintiffs, and those similarly situated employees, were not paid properly, were not paid timely, sometimes were not paid at all, and were not paid time and one-half their regular rate of pay for all overtime hours were; therefore Plaintiffs, and those similarly situated, have not been paid complete wages.

9

10

11

(*Id*. at 5:¶30.)  Plaintiffs allege that "[u]pon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiffs, and other similarly situated employees, are in the possession and custody of Defendants." (*Id*. at 5:¶33.)

12

13

14

15

16

On May 11, 2012, the Hillsboro Defendants filed the instant Motion to Dismiss (ECF No. 16) as to the Amended Complaint (ECF No. 9), and on May 14, 2012, filed their opposition (ECF No. 17) to the Motion for Preliminary Injunction and Motion for Order Shortening Time, requesting that the Court sanction Plaintiffs and their counsel on the grounds that the motion is "frivolous and baseless."

17

18

19

20

21

22

23

24

25

In the Motion to Dismiss, the Hillsboro Defendants argue that Plaintiffs' action should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because a sufficient statutory remedy exists for the unjust enrichment and conversion claims, and because Plaintiffs fail to plead elements of their FLSA and NRS 608 claims or to provide sufficient factual allegations in support. (ECF No. 16.)  Also, the Hillsboro Defendants argue that because Plaintiffs "have contradictorily styled the suit as a class action pursuant to Federal Rule of Civil Procedure 23 and as an opt-in collective action under the FLSA . . . an irreconcilable conflict exists within this action, and dismissal is essential to avoid a procedural quagmire." (*Id*. at 2:28–3:1-2.)

1    **II.**     **DISCUSSION**

2        As discussed below, the Court finds that Plaintiffs' Amended Complaint must be

3 dismissed, but without prejudice, and that Plaintiffs will be given leave to amend.  Furthermore,

4 the Court finds that Plaintiffs have not met their burden as to the Motion for Preliminary

5 Injunction, and therefore the motion will be denied.

6        **A.**     **Motion to Dismiss**

7           **1.**     **Legal Standard**

8        Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

9 that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp.*

10 *Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule

11 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not

12 give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.

13 *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the

14 complaint is sufficient to state a claim, the Court will take all material allegations as true and

15 construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792

16 F.2d 896, 898 (9th Cir. 1986).

17        The Court, however, is not required to accept as true allegations that are merely

18 conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

19 *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

20 with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a

21 violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

22 *Twombly*, 550 U.S. at 555) (emphasis added).

23        If the court grants a motion to dismiss, it must then decide whether to grant leave to

24 amend.  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so

25 requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on

the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the

amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### 2.   The FLSA

Violations of the FLSA requirements are unlawful as provided by 29 U.S.C. § 215.

Minimum wage and maximum hours requirements under the FLSA are codified in sections 206

and 207 of Title 29, United States Code. 29 U.S.C. §§ 206, 207.  Penalties for violations of

these statutes are provided in section 216(b):

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b).

Protections for employees seeking relief under the FLSA are provided by section

215(a)(3), which makes it unlawful:

> to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3).  Employers violating this section:

> shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

29 U.S.C. § 216(b).

Importantly, employers are required to collect data and keep employment records as

provided by the FLSA:

> Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons

1
2
3
4

> employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator [of the Wage and Hour Division of the Department of Labor] as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

5  29 U.S.C. § 211(c).  Violating this section or knowingly making a false statement, report, or

6  record under this section in a material respect is unlawful. 29 U.S.C. § 215(a)(5).

7                              a.    Allegations of minimum wage violations

8      Here, under their first cause of action for violations of the FLSA, Plaintiffs allege that

9  the entity Defendants have:

10
11
12

> repeatedly violated, and are violating, the provisions of sections 6 and 15(a)(2) of the Fair Labor Standards Act by employing employees in positions in the print media distribution industry without compensating them for their employment at a rate less than the rates set forth in section 6(a) of the Fair Labor Standards Act.

13  (Am. Compl., 6:¶37.)

14      Construing this allegation as alleging violations of sections 206(a) and 215(a)(2), the

15  Court finds that Plaintiffs have not satisfied the pleading standard requirements to give

16  Defendants fair notice of a legally cognizable claim and the grounds upon which it rests.  This

17  is particularly so because section 206(a)(1), which appears to apply to Plaintiffs' allegations,

18  provides for specific time periods governing the applicable wage requirements, and nowhere in

19  Plaintiffs' Amended Complaint do Plaintiffs allege time periods sufficient to give Defendants

20  notice of which wage requirement under 206(a)(1) Defendants are alleged to have violated.  To

21  the extent that Plaintiffs allege violations of subsections other than 206(a)(1), Plaintiffs'

22  allegations are additionally unclear.

23                              b.    Allegations of maximum hours violations

24      Next, Plaintiffs allege that the entity Defendants have:

25
> repeatedly violated, and are violating, the provisions of sections 7 and 15(a)(2) of the Fair Labor Standards Act by employing employees in positions in the print

1
2
3

> media distribution industry for workweeks longer than forty hours without compensating them for their employment in excess of forty hours in said workweeks, at rates not less than one and one-half times the regular rate at which they were employed.

4 (Am. Compl., 6:¶38.)

5 Construing this allegation as alleging violations of sections 207 and 215(a)(2), the Court

6 finds that Plaintiffs have likewise not satisfied the pleading standard requirements to give

7 Defendants fair notice of a legally cognizable claim and the grounds upon which it rests.  Here,

8 Plaintiffs appear to state a claim under section 207(a)(1), which provides maximum hours for

9 employees engaged in interstate commerce:

10
11
12
13
14

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

15 29 U.S.C. 207(a)(1).  However, Plaintiffs fail to allege any facts supporting their allegations,

16 such as number of hours actually worked, or any compensation actually received.

17 Although the Court recognizes that Plaintiffs have alleged that the employment records

18 are in the possession and custody of Defendants (*see* Am. Compl., 5:¶33), the Court finds that

19 this allegation fails to excuse or remedy the lack of any factual allegations as to the specific

20 time periods (other than the year 2010) for which Defendants' violations are alleged to have

21 occurred, any factual allegations as to the actual payments Plaintiffs received, and any factual

22 allegations as to the actual hours Plaintiffs worked.  Therefore, the Court finds that Plaintiffs'

23 causes of action under the FLSA must be dismissed under Rule 12(b)(6).  However, because

24 the Court finds that the deficiencies described above can likely be cured, the Court will give

25 Plaintiffs leave to amend this cause of action under the FLSA.

### 3.    Chapter 608 of Nevada Revised Statutes

Under Chapter 608 of Nevada Revised Statutes,

> It is unlawful for any person to employ, cause to be employed or permit to be employed, or to contract with, cause to be contracted with or permit to be contracted with, any person for a wage less than that established by the Labor Commissioner pursuant to the provisions of this section.

Nev. Rev. Stat. § 608.250.  Chapter 608 of Nevada Revised Statutes also provides for civil actions by employees to recover the difference between the minimum wage and the amount paid:

> If any employer pays any employee a lesser amount than the minimum wage prescribed by regulation of the Labor Commissioner pursuant to the provisions of NRS 608.250, the employee may, at any time within 2 years, bring a civil action to recover the difference between the amount paid to the employee and the amount of the minimum wage. A contract between the employer and the employee or any acceptance of a lesser wage by the employee is not a bar to the action.

Nev. Rev. Stat. § 608.260.  Compensation for overtime is provided under section 608.018 of the same chapter. Nev. Rev. Stat. § 608.018.

Here, Plaintiffs allege that the entity Defendants violated section 608.250 "by failing and refusing to pay Plaintiffs and other similarly situated employees the required minimum wages," and by "failing and refusing to pay Plaintiffs and other similarly situated employees overtime." (Am. Compl., 7:¶¶46–47.)  Plaintiffs do not provide any factual allegations as to the wages they were paid, and do not specify which minimum wage Defendants failed to pay as required by the Labor Commissioner.  Furthermore, Plaintiffs do not allege with specificity the application of section 608.018's requirements as to themselves, and do not provide any factual basis for the Court to infer such application.

Accordingly, the Court must dismiss Plaintiffs' claims under Chapter 608 of Nevada Revised Statutes pursuant to Rule 12(b)(6).  Because the deficiencies described here appear to be curable, the Court will grant leave to amend.

1

#### 4.    Liability of Bartello and Hogan individually

2      Under the FLSA, an "employer" is defined to include "any person acting directly or

3 indirectly in the interest of an employer in relation to an employee and includes a public

4 agency, but does not include any labor organization (other than when acting as an employer) or

5 anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C.

6 § 203(d).  This definition is "not limited by the common law concept of 'employer,' but 'is to

7 be given an expansive interpretation in order to effectuate the FLSA's broad remedial

8 purposes.'" *Lambert v. Ackerley*, 180 F.3d 997, 1011–12 (9th Cir. 1999) (en banc) (quoting

9 *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1469 (9th Cir. 1983)).

10 "Where an individual exercises 'control over the nature and structure of the employment

11 relationship,' or 'economic control' over the relationship, that individual is an employer within

12 the meaning of the Act, and is subject to liability.'" *Id.* (quoting *Bonnette*, 704 F.2d at 1470).

13      Under Nevada statute, "'[e]mployer' includes every person having control or custody of

14 any employment, place of employment or any employee." Nev. Rev. Stat. § 608.011.

15 However, after certification of the question to the Nevada Supreme Court, the Ninth Circuit has

16 held that "[t]he definition of 'employer' under NRS 608.011 is ambiguous," and "was not

17 designed to extend personal liability to individual managers of corporations in derogation of

18 existing Nevada corporate law"; therefore, "individual managers cannot be held liable as

19 employers for unpaid wages under NRS Chapter 608." *Boucher v. Shaw*, 196 P.3d 959, 1172

20 (Nev. 2008) (en banc).

21      In the Motion to Dismiss, Defendants do not address Plaintiffs' claims against

22 Defendant Hogan or Defendant L.A. Foxes specifically, but argue that Plaintiffs' allegations

23 against Defendant Bartello are insufficient to state a legally cognizable claim and the grounds

24 upon which it rests.

25      In their response to Defendants' motion, Plaintiffs "concede that in light of *Boucher v.*

1   *Shaw* . . . an individual state law claim could not be brought against Bartello," but argue that all

2   remaining allegations survive the motion and that "Bartello does remain personally liable under

3   the remaining causes of action." (Resp. to Mot. to Dismiss, 6:23-26, ECF No. 21.)

4       Here, pursuant to Plaintiffs' concession, the Court finds that Plaintiffs' state law claims

5   as to Defendant Bartello are dismissed, and that Plaintiffs' state law claims as to Defendant

6   Hogan are likewise dismissed.

7       Consistent with the Court's analysis of Plaintiffs' claims under the FLSA, above, the

8   Court finds that Plaintiffs fail to sufficiently allege that Defendants Bartello and Hogan are

9   "employers" under the FLSA, but leave to amend will be granted as to these allegations.

10      Finally, the Court finds no legal authority to support the proposition that the doctrine of

11  alter ego alone supports the maintenance of Plaintiffs' causes of actions against Defendants

12  Bartello and Hogan individually, under Nevada statute or the FLSA.

13      To the extent that Plaintiffs wish to amend their allegations against Defendants Bartello

14  and Hogan individually, the Court gives Plaintiffs leave to do so if they can cure the

15  deficiencies described in this Order.

16          **5.    Compatibility of the FLSA and Nevada statute**

17      The Hillsboro Defendants argue that Plaintiffs' state-law class claims must be dismissed

18  because they are incompatible with the FLSA's collective-action mechanism and should be

19  "considered precluded by their collective action claims asserted under the FLSA." (Mot. to

20  Dismiss, 16:12-13.)

21      To challenge the Hillsboro Defendants' argument that Plaintiffs' state-law class claims

22  must be dismissed because of incompatibility with and "preclu[sion]" by the FLSA, Plaintiffs

23  cite to this Court's December 7, 2010, order in *Daprizio v. Harrah's Las Vegas, Inc.*

24  *("Daprizio II")*, No. 2:10-cv-00604-GMN-RJJ, 2010 WL 5099666 (D. Nev. Dec. 7, 2010).  In

25  *Daprizio II*, this Court vacated its August 2010 order in *Daprizio v. Harrah's Las Vegas, Inc.*

1   *("Daprizio I")*, No. 2:10-cv-00604-GMN-RJJ, 2010 WL 3259920 (D. Nev. Aug. 17, 2010),

2   relying on the Ninth Circuit Court of Appeals' now-vacated opinion in *Wang v. Chinese Daily*

3   *News*, 623 F.3d 743 (9th Cir. 2010), *vacated*, - - - U.S. - - -, 132 S.Ct. 74, 181 L.Ed.2d 1 (Oct.

4   3, 2011) (mem.).  However, further complicating the issue, and as discussed in this Court's

5   March 2012 order in *George v. DirectSat USA, LLC*, No. 2:10-cv-01664-GMN-RJJ, 2012 WL

6   845589 (D. Nev. March 12, 2012), in October 2011 the United States Supreme Court vacated

7   the Ninth Circuit's judgment in *Wang* and remanded the case for further consideration in light

8   of *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. - - -, 131 S. Ct. 2541, 180 L.Ed.2d 374 (2011).  On

9   March 4, 2013, the Ninth Circuit filed its opinion on remand from the Supreme Court,

10  reversing the district court's Rule 23(b)(2) certification of the class, vacating the court's Rule

11  23(a)(2) commonality finding and Rule 23(b)(3) predominance finding, and remanding for

12  consideration under Rules 23(a) and 23(b)(3). *Wang*, No. 08-55483, 709 F.3d 829, *as amended*

13  *by* - - - F.3d - - -, 2013 WL 4712728 (9th Cir. Sept. 3, 2013).

14          These shifting developments in the controlling legal precedent would seem to render

15  uncertain the Court's disposition of the Hillsboro Defendants' compatibility arguments, but for

16  the Ninth Circuit's recent holding in *Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525 (9th

17  Cir. 2013).  On April 12, 2013, a Ninth Circuit panel reversed the district court's ruling in *Busk*,

18  in which the district court dismissed the plaintiffs' state law claims pursuant to a Rule 12(b)(6)

19  motion, based on a finding that the plaintiffs could not state a cognizable legal claim because of

20  the incompatibility of opt-in and opt-out mechanisms. *Id*.  After this holding, the Court is not

21  persuaded that Defendants' argument is viable.  Therefore, the motion to dismiss will not be

22  granted on this basis.

23              **6.    Unjust enrichment and Conversion**

24          In Nevada, to state an equitable claim for unjust enrichment, a plaintiff must allege that a

25  defendant has and retains a benefit which in equity and good conscience belongs to the

1  plaintiff. *See Coury v. Robison*, 976 P.2d 518, 521 (Nev. 1999).  A claim for conversion

2  requires an allegation of "'a distinct act of dominion wrongfully exerted over another's

3  personal property in denial of, or inconsistent with his title or rights therein or in derogation,

4  exclusion, or defiance of such title or rights.'" *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d

5  1043, 1048 (Nev. 2000) (quoting *Wantz v. Redfield*, 326 P.2d 413, 414 (Nev. 1958)).

6        Here, the Court is not persuaded and does not find that Plaintiffs' allegations as to these

7  causes of action are incompatible with Nevada's statutory scheme, or that Plaintiffs have

8  insufficiently alleged factual support for these causes of action, except to the extent that

9  Plaintiffs' factual allegations are incomplete as described above.  Because of the factual

10  deficiencies in Plaintiffs' Amended Complaint, these causes of action are likewise dismissed,

11  but without prejudice, and with leave to amend, as described above.

12        **B.    Injunctive relief**

13        The FLSA provides for the jurisdiction of federal district courts in injunction

14  proceedings, to restrain violations of section 215 for cause shown, including:

15        in the case of violations of section 215(a)(2) of this title the restraint of any
       withholding of payment of minimum wages or overtime compensation found by
16        the court to be due to employees under this chapter.

17  29 U.S.C. § 217.

18        A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of

19  success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3)

20  that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.

21  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "Injunctive relief [is] an

22  extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is

23  entitled to such relief." *Id*. at 22.  The Ninth Circuit has held that "'serious questions going to

24  the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of

25  an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the*

1     *Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

2          Here, Plaintiffs appear to invoke section 217 in the Amended Complaint (*see* Am.

3 Compl., 7:¶40); and in their Motion for Preliminary Injunction (ECF No. 7), filed before the

4 filing of the Amended Complaint, request injunctive relief in the form of payment of a

5 minimum wage and overtime "prospectively form the time of the ruling," and in the alternative,

6 "if Hillsboro either refuses to comply or subsequently fails to comply with the applicable wage

7 and hour laws mandating minimum wage and overtime compensation," that it "be prevented

8 from distributing advertising materials on the Las Vegas strip under the, 'hot goods,' section of

9 the applicable wage and hour laws." (Mot. Prelim. Inj., 12, ECF No. 7.)

10          First, consistent with the Court's discussion above, the Court cannot find that Plaintiffs

11 have shown a likelihood of success on the merits sufficient to justify an injunction.   Also, the

12 deficiencies in Plaintiffs' factual allegations in the Amended Complaint are not cured by the

13 allegations in Plaintiffs' motion.  Therefore Plaintiffs fail to provide factual allegations

14 supporting a threat of termination, retaliation, or unlawful withholding of wages or overtime

15 compensation that might otherwise satisfy Plaintiffs' burden to show that the balance of

16 equities tips sharply towards Plaintiffs or that irreparable harm might occur in the absence of

17 preliminary relief.

18          Based on these findings, the Court cannot conclude that Plaintiffs have met their burden

19 to provide a "clear showing" of entitlement to the requested "extraordinary remedy" of

20 preliminary injunctive relief, and Plaintiffs' motion must be denied at this time.

21 **IV.**   **CONCLUSION**

22          **IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 16) is **GRANTED**.

23 Plaintiffs' First Amended Class Action Complaint (ECF No. 9) is **DISMISSED, without**

24 **prejudice**.  Plaintiffs may file an amended complaint curing the deficiencies identified in this

25 Order by **October 19, 2013**.  Failure to do so by this date will result in dismissal of this action

1  with prejudice.

2      **IT IS FURTHER ORDERED** that the Motion for Preliminary Injunction and Motion

3  for Order Shortening Time (ECF Nos. 7, 8) are **DENIED.**

4      **DATED** this 26th day of September, 2013.

5

6  _____

7  Gloria M. Navarro
   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25